1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
                                    AT TACOMA
8
   TONYA H.,
9
                            Plaintiff,
10                                                 CASE NO. C20-06094-MAT
           v.
11                                                 ORDER RE: SOCIAL SECURITY
   COMMISSIONER OF SOCIAL SECURITY,                DISABILITY APPEAL
12
                            Defendant.
13

14         Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of

15 the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's

16 applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after

17 a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the

18 administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

19                        **FACTS AND PROCEDURAL HISTORY**

20         Plaintiff was born on XXXX, 1968.[1] Plaintiff has at least a high school education and

21 previously worked as a telecommunicator and telecommunicator supervisor. (AR 33, 280.)

22 Plaintiff filed an application for DIB and SSI on June 28, 2018, alleging disability beginning on

23

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

November 19, 2016. (AR 236–45, 251–58.) The applications were denied at the initial level and on reconsideration. On October 31, 2019, the ALJ held a telephonic hearing that was postponed so that Plaintiff could obtain representation. (AR 94–105.) On April 14, 2020, the ALJ held a telephonic hearing and took testimony from Plaintiff and a vocational expert (VE). (AR 56–93.) On June 3, 2020, the ALJ issued a decision finding Plaintiff not disabled. (AR 19–35.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on September 23, 2020 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ

found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 22.)

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: lumbar and thoracic spine degenerative disc disease, obesity, major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder (PTSD), and borderline personality disorder. (AR 22.) The ALJ also found that the record contained evidence of the following conditions that did not rise to the level of severe impairment: parasomnia, obstructive sleep apnea, migraines, gastroesophageal reflux disease (GERD), diverticulosis, small hiatal hernia, hypertension, left face Bell's palsy, and acute otitis media. (AR 22–23.)

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 23–25.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> She can never climb ladders, ropes, or scaffolds. She can occasionally balance and climb ramps or stairs. She should have no more than occasional exposure to extreme temperatures, vibrations, loud noise, and hazards, such as unprotected heights and dangerous machinery. She can perform simple routine tasks or unskilled work that requires only occasional, superficial contact with the public, such that public contact is not part of the job duties. She should have less than occasional changes in work tasks.

(AR 25.) With that assessment, the ALJ found Plaintiff unable to perform her past relevant work. (AR 33.)

If a claimant demonstrates an inability to perform past relevant work, or has no past

1  relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant

2  retains the capacity to make an adjustment to work that exists in significant levels in the national

3  economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs,

4  such as work as a merchant marketer, package sorter, ND production assembler. (AR 33.)

5      Plaintiff argues that the ALJ erred by (1) failing to articulate legally adequate reasons for

6  rejecting the medical opinions of Dr. Wheeler, Dr. Lewis, and Dr. van Dam, (2) failing to provide

7  clear or convincing reasons for rejecting Plaintiff's testimony regarding her symptoms and

8  limitations, (3) failing to provide germane reasons for rejecting lay witness statement, and (4)

9  assessing an RFC that is incomplete by not including limitations caused by Plaintiff's migraines

10 or profound fatigue caused by parasomnia and obstructive sleep apnea. Plaintiff requests remand

11 for an award of benefits or, in the alternative, remand for further administrative proceedings. The

12 Commissioner argues the ALJ's decision has the support of substantial evidence and should be

13 affirmed.

14 **1. Medical Opinions**

15     The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the

16 ALJ finds medical opinions and to explain how the ALJ considered the supportability and

17 consistency factors.[2] 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The regulations require an

18 ALJ to specifically account for the legitimate factors of supportability and consistency in

19 addressing the persuasiveness of a medical opinion. The "more relevant the objective medical

20 evidence and supporting explanations presented" and the "more consistent" with evidence from

21 other sources, the more persuasive a medical opinion or prior finding. *Id*. at §§ 404.1520c(c)(1)–

22

23

---

[2] The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standard for the review of medical opinions.

ORDER
PAGE - 4

1    (2), 416.920c(c)(1)–(2).

2        Further, the Court must continue to consider whether the ALJ's analysis is supported by

3    substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

4    Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also*

5    *Zhu v. Comm'r of Soc. Sec. Admin.*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021)

6    (applying the substantial evidence standard under the 2017 regulations). With these regulations

7    and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

8        A.   Dr. Carla van Dam, Ph.D.

9        Dr. van Dam examined Plaintiff on February 21, 2019. Dr. van Dam diagnosed Plaintiff

10   with borderline personality disorder and PTSD and opined that Plaintiff "is committed to being

11   severely disabled, which would make it unlikely she would be able to overcome such a challenge

12   without appropriate support and counseling." (AR 737.) Dr. van Dam further opined that Plaintiff

13   would benefit from focused mindfulness training, Dialectical Behavioral Therapy, and vocational

14   training. (AR 737–38.)

15       The regulations require the ALJ to articulate the persuasiveness of each medical opinion

16   and explain how the ALJ considered the supportability and consistency factors for that opinion.

17   20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The ALJ found Dr. van Dam's 2019 opinion

18   unpersuasive. (AR 33.) The ALJ found that the doctor is knowledgeable with the Social Security

19   Administration disability program, had a chance to examine the claimant, and the doctor's

20   objective findings are consistent with Plaintiff's test results. (AR 33.) However, the ALJ found

21   that the doctor's "opinion regarding the claimant's inability to work due to a disability conviction

22   is not consistent with any objective medical evidence in the record" and "is also not consistent

23   with medical evidence showing that the claimant's symptoms improved with treatment." (AR 33.)

ORDER
PAGE - 5

Plaintiff argues that the ALJ failed to articulate legally adequate reasons for rejecting Dr. van Dam's 2019 opinion. The ALJ may reject a medical opinion based on inconsistency with the medical record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Additionally, where a physician's report does not assign any specific limitations in relation to an ability to work, the ALJ does "not need to provide 'clear and convincing reasons' for rejecting [the physician's] report because the ALJ did not reject any of [the physician's] conclusions." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010). Here, Dr. van Dam opined that Plaintiff "is committed to being severely disabled" but did not assess any specific functional limitations in relation to Plaintiff's ability to work. Rather, Dr. van Dam recommended treatment and vocational training "for help in entering back into the world for work." (AR 737.) Because Dr. van Dam did not assign any specific functional limitations, the ALJ did not err by finding Dr. van Dam's opinion to be unpersuasive. *See also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (the ALJ may decline to adopt opinion of a physician "offered as a *recommendation*, not an imperative" (emphasis in original)).

Plaintiff further argues that, if the ALJ was concerned regarding an inconsistency with other evidence, the ALJ had a duty to develop the record under 20 C.F.R. § 404.1520b(b). Pl. Br. at 4. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Here, the ALJ made no finding that the evidence was ambiguous or that the record was inadequate to allow for proper evaluation. Therefore, the ALJ was not under a duty to develop the record further, and the ALJ did not err.

B.  Dr. Kimberly Wheeler, Ph.D., and Dr. Janis Lewis, Ph.D.

On April 22, 2018, Dr. Wheeler examined Plaintiff and assessed that Plaintiff had marked

limitations in her ability to understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; and communicate and perform effectively in work setting. (AR 443.) Dr. Wheeler assessed that Plaintiff had moderate limitations in her ability to understand, remember, and persist in tasks by following very short and simple instructions; learn new tasks; adapt to changes in a routine work setting; complete a normal work day and work week without interruptions from psychologically based symptoms; and set realistic goals and plan independently. (AR 443.) On March 26, 2018, Dr. Lewis reviewed the medical evidence, affirmed Dr. Wheeler's opinion, and opined that Plaintiff could perform light work with moderate limitations in postural and gross or fine motor skills restrictions. (AR 428.)

The ALJ found Drs. Wheeler and Lewis' opinions unpersuasive. (AR 31.) The ALJ preliminarily noted that Plaintiff endorsed multiple medical conditions during the evaluation with Dr. Wheeler that were not established by objective findings in the record. (AR 31.) The ALJ further found that Drs. Wheeler and Lewis' opinions were not consistent with Plaintiff's performance during the evaluation, medical evidence showing improvement in Plaintiff's symptoms with mental health treatment, and Plaintiff's ability to perform activities of daily living independently with minimal mental health difficulties. (AR 31.)

Plaintiff argues that the ALJ failed to provide legally adequate reasons for rejecting the medical opinions of Drs. Wheeler and Lewis for several reasons. Plaintiff argues that the ALJ did not properly reject Dr. Wheeler's opinion on grounds that, during the evaluation, Plaintiff endorsed multiple medical conditions that lacked diagnoses in the record. Pl Br. at 5–6. Plaintiff further argues that the ALJ improperly concluded that Dr. Wheeler's opinion was not supported by the doctor's findings regarding Plaintiff's performance during the evaluation. *Id.* The Commissioner

1  argues that the ALJ properly found Dr. Wheeler's opinion to be unpersuasive because the doctor

2  relied on Plaintiff's self-reports and did not give any objective explanation for her opinion. Def.

3  Br. at 16.

4        Here, Dr. Wheeler included Plaintiff's self-reported effects of transient ischemic attack

5  (TIA) episodes in her evaluation and also included in her prognosis Plaintiff's self-reports of TIA,

6  Epstein-Barr virus, chronic fatigue, and Bell's Palsy, conditions which the ALJ found were either

7  non-severe or not medically determinable. (AR 23, 442, 444.) After performing clinical tests,

8  Dr. Wheeler found Plaintiff to be within normal limits in thought process and content, orientation,

9  perception, memory, fund of knowledge, abstract thought, and insight and judgment. (AR 445.)

10  Although Dr. Wheeler found Plaintiff to be not within normal limits in areas of memory and

11  concentration, the doctor observed that Plaintiff made only one error in the testing of her memory

12  and again noted Plaintiff's self-reports of feeling "forgetful, foggy, unreliable" in daily life.

13  (AR 445.) Because the clinical findings were largely normal and Dr. Wheeler continued to note

14  Plaintiff's self-reports within the doctor's clinical findings, the ALJ rationally found Dr. Wheeler's

15  opinion to be inconsistent with Plaintiff's performance during the evaluation. (AR 31.) *See* 20

16  C.F.R. §§ 404.1520c(c), 416.920c(c) (under the supportability factor, the ALJ considers how

17  "relevant the objective medical evidence and supporting explanations presented by a medical

18  source are to support his or her medical opinion(s)" in determining that opinion's persuasiveness).

19  Therefore, the ALJ's reason for finding Drs. Wheeler and Lewis' opinion unpersuasive because

20  they were inconsistent with Plaintiff's performance in the evaluation is supported by substantial

21  evidence.

22        Plaintiff next argues that the ALJ improperly rejected Drs. Wheeler and Lewis' opinion on

23  grounds that they were inconsistent with medical evidence showing that Plaintiff's mental health

symptoms improved with treatment. Pl. Br. at 7. The ALJ may consider the effect of medical treatment on a claimant's functioning when evaluating mental impairments. 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1). The ALJ cites to various treatment records showing that Plaintiff's depression and anxiety had improved with mental health treatment. (AR 27, 29–30.) Further, the ALJ found that, although there was evidence in the record of Plaintiff's mental health symptoms increasing in December of 2019, "there is no evidence in the record to suggest that her recent increase in symptoms would not respond positively to mental health treatment." (AR 30.) "Symptoms may wax and wane during the progression of a mental disorder," *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014), and "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Plaintiff cites to other evidence in the record showing instances during which Plaintiff experienced worsened or continuing mental health symptoms. Pl. Br. at 7–8. However, the existence of an alternative interpretation of the evidence does not show that the ALJ erred. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Where the ALJ's interpretation of the evidence is reasonable and supported by substantial evidence, the Court should not second-guess it, even if the ALJ's interpretation is not the only reasonable one. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ reasonably interpreted the evidence as showing that Plaintiff improved with mental health treatment, and, therefore, the ALJ's reasons for finding Drs. Wheeler and Lewis' opinions unpersuasive on this ground is supported by substantial evidence.

Finally, Plaintiff argues that the ALJ improperly rejected Drs. Wheeler and Lewis' opinion

based on evidence of Plaintiff's daily activities. An ALJ may reject a physician's opinion where the assessed limitations are inconsistent with Plaintiff's level of activities. *See Rollins*, 261 F.3d at 856. Here, the ALJ found that the opinions were inconsistent with Plaintiff's "ability to perform her activities of daily living independently with minimal mental health difficulties, which indicates that she functions at a better level than alleged." (AR 31.) The ALJ found that the evidence shows that Plaintiff "is able to perform her activities of daily living independently with minimal limitations, including managing self-care, cooking simple meals, performing light household chores, driving, using public transportation, shopping, and dealing with finances." (AR 30–31.) Therefore, the ALJ reasonably found the opinions of Drs. Wheeler and Lewis to be unpersuasive on grounds that they were inconsistent with evidence of Plaintiff's daily activities, and the ALJ's reasoning is supported by substantial evidence.

### 2. Subjective Testimony

Plaintiff contends that the ALJ improperly evaluated Plaintiff's testimony. The rejection of a claimant's subjective symptom testimony[3] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012), *superseded by regulation on other grounds*); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it

---

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

1   merely lacks support in the medical evidence. *See Carmickle*, 533 F.3d at 1161 ("Contradiction

2   with the medical record is a sufficient basis for rejecting a claimant's subjective

3   testimony."); *Burch*, 400 F.3d at 681 ("[L]ack of medical evidence cannot form the sole basis for

4   discounting pain testimony.").

5        Plaintiff alleges that she is unable to focus, concentrate, or follow instructions well, that

6   she gets confused easily and "go[es] blank," is severely fatigued, cannot keep her eyes open three

7   to four hours after waking up, has to re-read almost everything, has memory relapses throughout

8   the day, forgets when she is talking about while talking to others, has anxiety, barely leaves the

9   house, does not do well in crowds, and blacks out for short periods. (AR 337.) Plaintiff also

10  testified that she experiences back pain that prevent her from sitting or standing in one position for

11  very long. (AR 78.) The ALJ found that Plaintiff's "medically determinable impairments could

12  reasonably be expected to cause some of the claimant's alleged symptoms." (AR 26.) However,

13  the ALJ found that "the claimant's statements concerning the intensity, persistence, and limiting

14  effects of these symptoms are not consistent with the medical evidence and other evidence in the

15  record." (AR 26.)

16        Plaintiff argues that the ALJ erred by discounting Plaintiff's testimony for several reasons.

17  Plaintiff argues that the ALJ erred by discounting Plaintiff's testimony regarding her back pain.

18  Pl. Br. at 9. The ALJ may reject subjective testimony upon finding it contradicted or inconsistent

19  with the medical evidence. *See Carmickle*, 533 F.3d at 1161. Here, the ALJ found that the medical

20  evidence shows that Plaintiff ambulated with normal gait, demonstrated a full range of motion,

21  strength, sensation, and reflexes of the extremities. (AR 29.) Plaintiff does not challenge the ALJ's

22  evaluation of the medical evidence regarding Plaintiff's physical functioning. *Zango, Inc. v.*

23  *Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party

in an opening brief are waived.") Therefore, the ALJ gave specific, clear, and convincing reasons for discounting Plaintiff's testimony regarding her back pain. Even if the ALJ erred in evaluating Plaintiff's testimony regarding her back pain, this error would be harmless. The ALJ found that Plaintiff had a severe impairment of lumbar and thoracic spine degenerative disc disease at step two (AR 22) and "included specific postural and environmental restriction in the residual functional capacity to account for her physical conditions" (AR 29.) Therefore, any error in the ALJ's evaluation of Plaintiff's testimony regarding her back pain would be "inconsequential to the ultimate nondisability determination." *See Molina*, 674 F.3d at 1115.

Plaintiff next argues that the ALJ erred by rejecting Plaintiff's testimony on grounds that Plaintiff's mental health symptoms improved with treatment. Even though mental symptoms may wax and wane, an ALJ can use evidence of adequate treatment to discount allegations of psychological disability. *See Garrison*, 759 F.3d at 1017; *see also Wellington*, 878 F.3d at 876 ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Warre*, 439 F.3d at 1006 ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). As discussed above, the ALJ cites to various treatment records showing that Plaintiff's depression and anxiety had improved with mental health treatment. (AR 27, 29–30.) Therefore, the ALJ gave specific, clear, and convincing reasons for rejecting Plaintiff's testimony regarding debilitating psychological symptoms.

Plaintiff argues that the ALJ improperly found that Plaintiff's ability to interact cooperatively with her treatment providers indicates that Plaintiff can tolerate some level of social interaction. Pl. Br. at 10. Plaintiff, however, asserts that she never claimed that she cannot tolerate any social interaction. *Id.* Although Plaintiff disagrees with the ALJ's reasoning, Plaintiff does not

challenge the ALJ's conclusion that Plaintiff can tolerate social interaction. Further, Plaintiff does not identify any specific testimony that the Plaintiff alleges the ALJ improperly discounted relating to Plaintiff's ability to tolerate social interaction. *See Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not argued with any specificity). Therefore, Plaintiff has not shown that the ALJ erred.

Plaintiff next argues that the ALJ erred by rejecting Plaintiff's testimony regarding symptoms and limitations related to Plaintiff's alleged impairments of Epstein-Barr virus and mini-strokes. Pl. Br. at 10. Plaintiff does not dispute the ALJ's finding that these impairments were not medically determinable; instead, Plaintiff states that the ALJ did not properly reject Plaintiff's testimony regarding "symptoms and limitations caused by impairments the ALJ accepted as severe — primarily her mental illnesses." *Id.* at 11. To the extent that Plaintiff asserts that Plaintiff's testimony regarding physical illness may be attributable to psychological symptoms, the ALJ gave specific, clear, and convincing reasons for rejecting Plaintiff's testimony regarding debilitating psychological symptoms, as described above. Accordingly, Plaintiff has not shown that the ALJ erred.

Plaintiff argues that the ALJ erred by discounting Plaintiff's testimony regarding debilitating symptoms from her migraines and insomnia by finding that Plaintiff worked in the past with the same impairments. Pl. Br. at 11–12. The ALJ may discount a plaintiff's testimony of a debilitating condition where "substantial evidence indicated that the condition . . . had remained constant for a number of years and . . . had not prevented her from working over that time." *Gregory v. Bowen*, 844 F.2d 664, 666–67 (9th Cir. 1988). Regarding her insomnia complaints, Plaintiff identifies no evidence that Plaintiff's insomnia has worsened since having performed her prior work. Even if Plaintiff had shown that Plaintiff's insomnia had worsened, the ALJ provided

other reasons for discounting Plaintiff's testimony regarding symptoms from insomnia, including finding that the insomnia is controlled well with Continuous Positive Airway Pressure (CPAP) therapy and Plaintiff has received minimal treatment for parasomnia. (AR 22.) *See Tommasetti*, 533 F.3d at 1039 (the ALJ may consider a claimant's unexplained or inadequately explained failure to seek or follow through with treatment when evaluating symptom testimony); *Wellington*, 878 F.3d at 876 ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *see also Molina*, 674 F.3d at 1115 (harmless error where the ALJ gives other valid reasons for discounting a plaintiff's subjective testimony). Further, Plaintiff does not challenge the ALJ's step two finding that Plaintiff's insomnia impairment is non-severe. (AR 22.) Therefore, Plaintiff has not shown that the ALJ erred in evaluating Plaintiff's testimony regarding debilitating symptoms from her insomnia. *See Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) ("[A]t all times, the burden is on the claimant to establish her entitlement to disability insurance benefits.").

Regarding her migraine complaints, Plaintiff argues that evidence in the record shows that Plaintiff's migraines have worsened since her prior work. Pl. Br. at 12. Plaintiff offers a different interpretation of the medical record; however, the ALJ's alternative interpretation is at least equally rational and not properly disturbed. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Even if the ALJ erred in evaluating the severity of Plaintiff's migraine symptoms, the ALJ provided other reasons for discounting Plaintiff's testimony regarding migraines, including inconsistencies with Plaintiff's prior statements to treatment providers, failure to mention significant flare-ups in her symptoms, and evidence that the migraines are stable and controlled well medication. (AR 22.) *See also Tommasetti*, 533 F.3d at 1039 (the ALJ may consider a claimant's prior inconsistent statements when evaluating a claimant's symptom

testimony); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (a claimant's failure to report debilitating symptoms to her physicians undermines her later statements to the agency); *Wellington*, 878 F.3d at 876 ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *see also Molina*, 674 F.3d at 1115 (harmless error where the ALJ gives other valid reasons for discounting a plaintiff's subjective testimony). Plaintiff does not challenge the ALJ's finding that Plaintiff's migraine impairment is non-severe. (AR 22.) Therefore, Plaintiff has not shown that the ALJ erred by discounting Plaintiff's testimony regarding debilitating symptoms from migraines.

Plaintiff next argues that the ALJ erred by discounting Plaintiff's testimony regarding being bedridden several times per month due to her debilitating symptoms. Plaintiff testified at the hearing that she experiences severe fatigue due to her alleged Epstein-Barr virus diagnosis. (AR 73.) Plaintiff also testified at the hearing that she is bedridden for two to three days due to her migraines. (AR 75.) As discussed above, the ALJ properly evaluated Plaintiff's testimony regarding symptoms arising from Plaintiff's alleged diagnosis of Epstein-Barr virus and migraines. Further, the ALJ found that Plaintiff's testimony regarding the severity of her bedridden symptoms was inconsistent with statements made to treatment providers. (AR 30.) *See Tommasetti*, 533 F.3d at 1039 (the ALJ may consider a claimant's prior inconsistent statements when evaluating a claimant's symptom testimony). Therefore, Plaintiff has not shown that the ALJ erred in evaluating Plaintiff's testimony regarding debilitating bedridden symptoms.

Finally, Plaintiff argues that the ALJ erred by discounting Plaintiff's symptom testimony based on inconsistencies with Plaintiff's daily activities. An ALJ may consider daily activities in evaluating a claimant's testimony regarding her physical limitations and the severity of her symptoms. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f a claimant is able to spend a

substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling pain." (emphasis in original)); *see Rollins*, 261 F.3d at 857 ("[T]he medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). As described above, the ALJ found that the evidence showed Plaintiff's ability to perform daily living activities independently with minimal limitations, including managing self-care, cooking simple meals, performing light household chores, driving, using public transportation, shopping, and dealing with finances and to engage in other activities like reading, playing online solitaire, and checking her e-mail with only some difficulty. (AR 30–31.) The ALJ found that this evidence weakened the overall reliability of Plaintiff's testimony. (AR 30–31.) Evidence of the ability to engage in certain household may be considered evidence of the ability to work. *See Morgan,* 169 F.3d at 600 (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child was evidence of claimant's ability to work). Accordingly, the ALJ reasonably found Plaintiff's testimony regarding the severity of her symptoms to be inconsistent with evidence of Plaintiff's daily activities.

### 3.  Lay Witness Testimony

Plaintiff contends that the ALJ failed to properly evaluate the law witness testimony of Plaintiff's son. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Plaintiff's son alleged that Plaintiff has "trouble focusing, memory problems, forgets what she's saying mid-sentence, has emotional ups [and] downs but usually down all the time, problems

balancing, stumbles around when walking, always in pain, constantly tired, [and] cannot multi-task at all." (AR 345.) Plaintiff's son also alleged that Plaintiff cannot lift heavy things, experiences pain from squatting, bending, and kneeling, and cannot walk long distances, among other things. (AR 350.) The ALJ stated that she considered Plaintiff's son's statements in assessing Plaintiff's claim. (AR 33.)

Plaintiff argues that the ALJ failed to give reasons germane to the lay witness in order to reject the lay evidence. An ALJ may discount lay witness testimony on grounds that it conflicts with the medical evidence. *Lewis*, 236 F.3d at 511. Here, the ALJ noted that Plaintiff's son's statements regarding Plaintiff's impairments and symptoms conflicted with the son's other statements reporting that Plaintiff "is able to manage self-care, cook simple meals, perform some light household chores, use public transportation, shop, and deal with finances." (AR 33.) Although the ALJ did not expressly state that she discounted the lay testimony due to these inconsistencies, the ALJ "at least noted arguably germane reasons for dismissing the [lay] testimony, even if [she] did not clearly link [her] determination to those reasons." *Lewis*, 236 F.3d at 511.

Additionally, "[w]here lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," an error in addressing the nonmedical-source statement is harmless. *Molina*, 674 F.3d at 1117. Here, Plaintiff's son's function report is substantially similar to the function report and exertional limitations alleged by Plaintiff. As described above, the ALJ reasonably concluded that Plaintiff's prior statements and the medical evidence were inconsistent with Plaintiff's claims of debilitating limitations. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ

1    provided clear and convincing reasons for rejecting [claimant's] own subjective complaint, and

2    because [the lay] testimony was similar to such complaints, it follows that the ALJ also gave

3    germane reasons for rejecting her testimony."). Therefore, even if the ALJ erred in evaluating

4    Plaintiff's son's statements, this error would be harmless because the lay opinion was similar to

5    Plaintiff's subjective testimony and the ALJ gave germane reasons for rejecting Plaintiff's

6    testimony. *See Molina*, 674 F.3d at 1115 (an error is harmless if it is "inconsequential to the

7    ultimate nondisability determination").

8        **4.  RFC**

9        At step four, the ALJ must identify the claimant's functional limitations or restrictions and

10   assess her work-related abilities on a function-by-function basis. *See* 20 C.F.R. § 416.945; SSR

11   96-8p. The RFC is the most a claimant can do considering her limitations or restrictions. *See* SSR

12   96-8p. The ALJ must consider the limiting effects of all of the claimant's impairments, including

13   those that are not severe, in assessing the RFC. 20 C.F.R. § 416.945(e); SSR 96-8p. Plaintiff argues

14   that the ALJ improperly determined Plaintiff's RFC because it does not include all of the

15   limitations caused by Plaintiff's impairments of migraines, parasomnia, and obstructive sleep

16   apnea, which the ALJ found to be non-severe at step two.

17       Plaintiff argues that the ALJ erred by failing to include limitations arising from Plaintiff's

18   migraines, which Plaintiff testified cause her to become bedridden two to three days at a time

19   despite medication, and sleep disorders, which Plaintiff testified cause her to be unable to main

20   concentration due to extreme fatigue and also cause her to become bedridden several times a

21   month. Plaintiff argues that the ALJ conclusion that Plaintiff's migraines and sleep disorders are

22   controlled with medication and/or therapy is not supported by the evidence. Plaintiff offers a

23   different interpretation of the medical record. However, the ALJ's alternative interpretation is at

least equally rational and not properly disturbed. *Morgan*, 169 F.3d at 599; *Rollins*, 261 F.3d at 857 (where the ALJ's interpretation of the evidence is reasonable and supported by substantial evidence, the Court should not second-guess it, even if the ALJ's interpretation is not the only reasonable one). As described above, the ALJ gave several specific, clear, and convincing reasons for discounting Plaintiff's testimony regarding debilitating symptoms from her migraines and sleep disorders, including inconsistencies with Plaintiff's prior statements to treatment providers and inconsistencies with the medical evidence. Therefore, even if the ALJ did err in evaluating the evidence regarding Plaintiff's treatment for her migraines and sleep disorders, this error would be harmless. *See Molina*, 674 F.3d at 1115 (harmless error where the ALJ gives other valid reasons for discounting a plaintiff's subjective testimony). Because the ALJ gave specific, clear, and convincing reasons for discounting Plaintiff's testimony regarding debilitating symptoms from her migraines and sleep disorders, the ALJ did not err by not including limitation relating to Plaintiff's migraine and sleep disorder symptoms in the RFC. *See Valentine*, 574 F.3d at 691–92 (limitations from properly discounted evidence does not need to be included in the residual functional capacity finding).

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 28th day of October, 2021.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 19